HARRY PRICE *vs.* MAX GOLDBERG.

Suffolk.    March 17, 1922. — June 7, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Trespass. Malicious Injury. Evidence,* Remoteness, Cumulative. *Damages,* In tort. *Practice, Civil,* Exceptions.

At the trial of an action of tort for trespass and for malicious injury to machinery, there was evidence tending to show that the plaintiff was the tenant of the basement floor of a building; that with the landlord's consent he made in the concrete floor above a hole to accommodate a boring machine necessary for the conduct of his business; that thereafter the first floor of the building was let to the defendant in 1916; that during about eight months preceding the bringing of the action in November, 1919, on twenty-five to thirty occasions water, acid, sand, glass bulbs and dead mice came through said hole in the floor and upon the boring machine, necessitating repairs to the machine and causing delay in turning out the plaintiff's output; that the defendant was remonstrated with at the beginning, that he expressed hostile feeling toward the plaintiff and that he threatened to drive him out of business. *Held,* that a verdict for the plaintiff was warranted.

While, at the trial of the action above described, testimony that in July, 1916, the defendant called the plaintiff "a thief and a renegade;" that in 1918 he referred to the plaintiff as "an old dog;" and that he remonstrated with the plaintiff for letting a colored family into his house, well might have been ex-

cluded on the ground of remoteness, it had some bearing on the question whether the defendant's acts which were complained of were intentional and malicious and not merely accidental, and an exception by the defendant to its admission was overruled, no prejudicial error being shown.

At the trial above described there was evidence that the acts of the defendant required the stopping of the boring machine for many hours; that while it was being repaired other machines had to remain idle; that production was lessened and delayed, and that orders for machines were cancelled because of the consequent failure to deliver them on time. The plaintiff's books were in evidence. Careful instructions were given on the issue of damages, and the jury were told, as requested by the defendant, "If the plaintiff is entitled to recover, he can recover only for the direct, consequential damages resulting from the acts of the defendant; he cannot recover for remote, speculative or contingent consequences." *Held,* that a request by the defendant for a ruling, that there was "no proper evidence of damage or loss due to cancelled contracts," as well as a request for a ruling that there was "no proper evidence of damage caused by loss of business due to acts of the defendant," properly were refused.

TORT, for trespass and malicious injury to machinery. Writ dated November 25, 1919.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence is described in the opinion. A motion by the defendant for a verdict in his favor was denied. The defendant asked, among other rulings, for the following:

"6. There is no proper evidence of damage or loss due to cancelled contracts in this case.

"7. There is no proper evidence of damage caused by loss of business due to acts of the defendant."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,080; and the defendant alleged exceptions.

*S. B. Stein,* for the defendant.

*J. L. Sheehan,* for the plaintiff.

DE COURCY, J. The plaintiff is in the business of manufacturing and selling pressing machines, and since August 1, 1916, has occupied the basement floor of a six-story building on Harrison Avenue in Boston. The machinery operated by him includes a boring machine, nine feet three inches high, which reaches to the ceiling. On this machine is a spindle or piston which moves up and down; and in order to have it operate it was necessary to make a hole, about three inches in diameter, through the four and one half inch concrete floor of the premises directly above. There was testimony that this hole was made with the land-

lord's consent, and before the defendant leased the first story of the building, where he carries on the business of selling second-hand machinery. There also was evidence that on twenty-five to thirty occasions between March 31, 1919, and the date of the writ, water, acid, sand, glass bulbs and dead mice came through said hole in the floor and upon the boring machine, necessitating repairs to the machine and causing delay in turning out the plaintiff's output. It could be found further that the defendant was remonstrated with at the beginning, that he expressed hostile feeling toward the plaintiff, and that he threatened to drive him out of business. The case was submitted to the jury on the first count for trespass, and on the third count charging in substance an intentional injury to the plaintiff's property and business. Plainly there was a case for the jury; and the motion for a directed verdict was rightly denied.

Some twenty exceptions were taken by the defendant to the admission of evidence. Many of these were not argued, and are considered as waived. Others were disposed of by the judge's instruction to the jury to eliminate the evidence from their consideration. The testimony that in July, 1916, the defendant called the plaintiff "a thief and a renegade;" that in 1918 he referred to the plaintiff as "an old dog;" and that he remonstrated with the plaintiff for letting a colored family into his house, well might have been excluded on the ground of remoteness. But as all this was merely cumulative, and had some bearing on the question whether the defendant's acts which are complained of were intentional and malicious and not merely accidental, we cannot say that prejudicial error is shown.

Nor was there error in the refusal of the trial judge to give the sixth and seventh requests for rulings. There was evidence that the acts of the defendant required the stopping of the boring machine for many hours; that while it was being repaired other machines had to remain idle; that production was lessened and delayed, and that orders for machines were cancelled because of the consequent failure to deliver them on time. The plaintiff's books were in evidence. Careful instructions were given on the issue of damages, and the jury were told, as requested by the defendant, "If the plaintiff is entitled to recover, he can only recover for the direct, consequential damages re-

sulting from the acts of the defendant; he cannot recover for remote, speculative or contingent consequences." We find no reversible error in the conduct of the trial.

*Exceptions overruled.*